# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

————

Argued November 10, 2008      Decided December 19, 2008

No. 07-1180

GRANT O. ADAMS, ET AL.,
PETITIONERS

v.

FEDERAL AVIATION ADMINISTRATION AND UNITED STATES
DEPARTMENT OF TRANSPORTATION,
RESPONDENTS

————

Consolidated with 07-1194, 07-1226, 07-1326, 07-1366,
07-1390, 07-1447, 07-1507, 07-1524, 08-1023, 08-1360

————

On Petitions for Review of an
Order of the Federal Aviation Administration

————

*Jonathan R. Turley* argued the cause and filed the briefs for petitioners.

*Edward Himmelfarb*, Attorney, U.S. Department of Justice, argued the cause for respondents. With him on the brief were *Gregory G. Katsas*, Assistant Attorney General, and *Michael Jay Singer*, Attorney. *Robert S. Greenspan*, Attorney, entered an appearance.

*Jonathan A. Cohen*, *Marta Wagner* and *David M. Semanchik* were on the brief for *amicus curiae* Air Line Pilots Association, International in support of respondents.

*Ronald G. Birch* was on the brief for *amici curiae* Airline Pilots Against Age Discrimination, et al. in support of respondents.

Before: GINSBURG and BROWN, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* BROWN.

BROWN, *Circuit Judge*: Petitioners are commercial airline pilots who reached the age of 60 before December 13, 2007. As many pilots have done before them, these pilots filed requests for an exemption with respondent, the Federal Aviation Administration (FAA), from the regulation barring them from flying commercial aircraft after they turned 60. 14 C.F.R. § 121.383(c) (Age 60 Rule).[1] The FAA denied their

---

[1] The FAA promulgated the so-called Age 60 Rule in 1959. In its latest form, it provided:

> No certificate holder may use the services of any person as a pilot on an airplane engaged in operations under this part if that person has reached

requests for exemption.  Petitioners filed petitions for review in this Court under 49 U.S.C. § 46110(a), which permits direct challenges to "an order issued by . . . the Administrator of the Federal Aviation Administration . . . ."[2]

On December 13, 2007—after some but not all of the petitions for review were filed with this Court—the President signed into law the Fair Treatment for Experienced Pilots Act (FTEPA or the Act), codified at 49 U.S.C. § 44729.  The Act provides, among other things, that the maximum age limit for pilots flying large commercial aircraft now is 65.  *Id.* § 44729(a).  The Act expressly repeals the regulation that was the Age 60 Rule, stating "[o]n and after the date of enactment of this section, section 121.383(c) of title 14, Code of Federal Regulations, shall cease to be effective."  *Id.* § 44729(d).

Respondents say the Act moots these petitions for review because there is no longer an Age 60 Rule from which to exempt the petitioners.  Petitioners respond that the Act cannot moot their petitions for review because the Act itself is unconstitutional.  Specifically, petitioners object to the treatment of pilots who reached age 60 before the FTEPA's

> his 60th birthday. No person may serve as a pilot on an airplane engaged in operations under this part if that person has reached his 60th birthday.

14 C.F.R. § 121.383(c).

[2] Petitioners also filed petitions for reconsideration with the FAA. Pending petitions for agency reconsideration normally would render the petitions for review in this Court incurably premature. *See, e.g.*, *Clifton Power Corp. v. FERC*, 294 F.3d 108, 110–11 (D.C. Cir. 2002).  The FAA denied the petitions for reconsideration during this litigation, however, and petitioners have since filed new petitions in this Court.  These have been consolidated with their original petitions.

enactment (and were ineligible to fly under the regulatory Age 60 Rule) but are not yet 65 (and are not yet ineligible to fly under the Act). The statute denies such pilots any seniority or benefits from their prior (pre-age 60) years of service if they are hired or rehired by an airline. *Id.* § 44729(e)(1)(B). In petitioners' view, this provision is a constitutionally-prohibited bill of attainder and a violation of their rights to due process and equal protection. Petitioners do not, however, challenge the Act's abrogation of the Age 60 Rule.

Petitioners fail to recognize we do not have jurisdiction to consider constitutional questions unrelated to the FAA's order. As long as petitioners can satisfy the usual Article III standing requirements, their facial challenges to the Act must be brought in the district court in the first instance, which has original jurisdiction over federal question claims under 28 U.S.C. § 1331. Petitioners insist we cannot dismiss the petitions as moot as a result of the statute without considering the validity of the statute, but they fail to cite any persuasive authority.

By contrast, respondents direct our attention to *Coalition of Airline Pilots Associations v. FAA*, 370 F.3d 1184 (D.C. Cir. 2004), involving the due process rights of pilots the Transportation Security Administration deemed security risks. Congress passed a statute during the litigation changing the procedures the agency had adopted by regulation. *Id*. at 1188. Congress's action mooted the controversy then before the Court. *Id*. at 1190–91. When the petitioners in that case argued the statute itself was infirm, this Court established a clear boundary: "[T]o the extent the Coalition is attacking [the new statute], and not the rules themselves, we lack jurisdiction to consider such a claim. If the Coalition wishes

to challenge the new statute, it must do so in the district court." *Id.* at 1191.

*Coalition of Airline Pilots Associations* is on point. The Act, which expressly abrogates the Age 60 Rule, moots the petitions for review of the orders denying exemption from the Age 60 Rule. And if petitioners wish to challenge the constitutionality of the statute on its face, they should— assuming they can show Article III standing—file a complaint in the district court. Seeking *initial* review of the statute here extends beyond the jurisdictional grant of 49 U.S.C. § 46110(a). Accordingly, the petitions for review are dismissed.

*So ordered.*