# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued February 10, 2011         Decided June 17, 2011

No. 10-5215

JAMES M. JONES,
APPELLANT

v.

AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, A LABOR
ORGANIZATION, ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:09-cv-01075)

*Robert B. Fitzpatrick* argued the cause and filed the briefs for appellant. *Constantine J. Gekas* entered an appearance.

*Granville C. Warner* argued the cause for appellees. With him on the brief were *Jonathan C. Fritts*, *Russell R. Bruch* and *Marta Wagner*.

Before: HENDERSON, GRIFFITH, and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GRIFFITH.

GRIFFITH, *Circuit Judge*: In the district court, plaintiff James Jones challenged the constitutionality of a provision of the Fair Treatment for Experienced Pilots Act (FTEPA), 49 U.S.C. § 44729, which allows some pilots, but not him, to take advantage of Congress's decision to raise the mandatory retirement age from 60 to 65. Jones also alleged that his former employer, Continental Airlines, and his former union, the Air Line Pilots Association, violated a state law banning age discrimination in employment by failing to place him in a position at work that would have allowed him the benefit of the new retirement age. Before the district court, Jones conceded that the strength of his state claims depended on his constitutional arguments. It was no surprise, therefore, that the district court dismissed his state discrimination claims when it found his constitutional arguments wanting. On appeal, Jones offers for the first time a legal theory under which he says his state claims could succeed. We decline to pass on the merits of an argument the district court had no chance to consider and affirm the dismissal of Jones's suit.

I

In 1959, the Federal Aviation Administration (FAA) issued the "Age 60 Rule" prohibiting people over 60 from serving as commercial pilots. 24 Fed. Reg. 9767, 9768 (Dec. 4, 1959). The most recent version of the Age 60 Rule provided that no airline operator "may use the services of any person as a pilot on an airplane engaged in operations under [Part 121 of the Federal Aviation Regulations] if that person has reached his 60th birthday." 14 C.F.R. § 121.383(c) (2008). Part 121 governs the operations of most commercial airlines. *See id.* § 121.1.

On December 13, 2007, Congress enacted the FTEPA, which expressly abrogates the Age 60 Rule, 49 U.S.C.

§ 44729(d), and allows "a pilot [to] serve . . . until attaining 65 years of age," *id.* § 44729(a). As a general matter, the FTEPA's repeal of the Age 60 Rule is not retroactive: "No person who has attained 60 years of age before [the FTEPA's] date of enactment . . . may serve as a pilot for an air carrier engaged in . . . operations [covered by Part 121 of the Federal Aviation Regulations]." *Id.* § 44729(e)(1).

However, this provision does not apply to someone who was over 60 on the date of enactment if he was serving as "a required flight deck crew member" at the time. *Id.* § 44729(e)(1)(A).[*] Jones asserts it was possible for the airlines to avoid the FTEPA's nonretroactivity provision by temporarily demoting a pilot to "required flight deck crew member" when he turned 60, waiting for Congress to pass the FTEPA, and then promoting him to pilot. On appeal, Jones argues that state employment discrimination law entitled him to such a temporary demotion.

Jones was working as a pilot for defendant Continental Airlines based in Newark, New Jersey, when he turned 60 and was dismissed on November 9, 2007—just 33 days before the FTEPA took effect. He was not working for Continental as a "required flight deck crew member" or in any other capacity when Congress passed the FTEPA. Shortly before his

---

[*] In other litigation, the defendants have disagreed about who qualifies as a "required flight deck crew member." *See Brooks v. ALPA*, 630 F. Supp. 2d 52, 54 (D.D.C. 2009). But whatever the scope of the phrase, the parties agree that at a minimum it includes flight engineers—members of the crew on certain older aircraft who monitor a side-facing instrument panel but do not normally operate the flight controls. *See Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 115 n.3 (1985). In any event, there is no dispute that Jones was not working as a required flight deck crew member when Congress passed the FTEPA.

birthday, Jones had petitioned the FAA for an exemption from the Age 60 Rule and asked Continental to temporarily change his employment status, anticipating that Congress would soon pass the FTEPA. The FAA and Continental refused his requests. On December 23, 2008, Jones filed a petition for review challenging the FAA's refusal to exempt him from the Age 60 Rule. We dismissed Jones's petition under *Adams v. FAA*, 550 F.3d 1174 (D.C. Cir. 2008), in which we had previously held that the FTEPA mooted petitions for review challenging the FAA's application of the Age 60 Rule. *See Jones v. U.S. Dep't of Transp.*, 2009 WL 2832030 (D.C. Cir. Apr. 22, 2009).

Jones then filed suit in the district court against Continental, the Air Line Pilots Association (ALPA), the United States, the Equal Employment Opportunity Commission (EEOC), and the FAA, as well as two EEOC officials and the Administrator of the FAA in their official capacities. Jones's complaint alleged that the failure to apply the FTEPA's higher age limit retroactively violated the Equal Protection and Due Process Clauses and was a bill of attainder. He further argued that Continental's refusal to allow him to return to work was part of an effort, joined by ALPA, to prevent him from continuing to serve as a pilot because of his age in violation of the New Jersey Law Against Discrimination (NJLAD). *See* N.J. STAT. ANN. § 10:5-12.

After rejecting Jones's constitutional arguments, the district court dismissed his state claims as well because Jones had conceded to the court "'that if the challenged portions of FTEPA are constitutional, they preempt his age discrimination claims under the New Jersey Law Against Discrimination.'" *Jones v. Air Line Pilots Ass'n*, 713 F. Supp. 2d 29, 38 n.8 (D.D.C. 2010) (quoting Jones's Opp'n to

Continental's Mot. to Dismiss 4). On appeal, Jones disputes only the dismissal of his state age discrimination claims against Continental and ALPA. We review the district court's dismissal of these claims pursuant to 28 U.S.C. § 1291.

II

Jones's concession to the district court that the FTEPA preempted his NJLAD claims is fatal to his appeal. No doubt recognizing that, he argues for the first time on appeal that the FTEPA does not preempt the claim he now advances: that Continental violated NJLAD by failing to temporarily demote him to "required flight deck crew member" so that he could take advantage of the newly enacted and higher age limit. But we decline Jones's invitation to consider a legal theory that he did not present to the district court, exercising "our well-established discretion not to consider claims that litigants fail to raise sufficiently below and on which district courts do not pass." *Cruz v. Am. Airlines, Inc.*, 356 F.3d 320, 329 (D.C. Cir. 2004).

In its motion to dismiss, Continental argued to the district court that the FTEPA preempts Jones's NJLAD claims. Continental's Mot. to Dismiss 10. The FTEPA's preemption provision provides:

> An action taken in conformance with this section . . . or taken prior to the date of enactment of this section in conformance with [the Age 60 Rule] may not serve as a basis for liability or relief in a proceeding, brought under any employment law or regulation, before any court or agency of the United States or of any State or locality.

49 U.S.C. § 44729(e)(2).

Jones responded that he "agree[d] that if the challenged portions of FTEPA are constitutional, they preempt his age discrimination claims under [NJLAD] . . . However, if those provisions are unconstitutional, they therefore cannot invalidate, preempt, supersede, or otherwise make ineffective the protections of that State statute." Jones's Opp'n to Continental's Mot. to Dismiss 4. Jones's concession was well taken, and the district court dismissed the NJLAD claims after rejecting his constitutional arguments. *Jones*, 713 F. Supp. 2d at 38 n.8. On appeal, Jones argues that his seemingly unequivocal concession in his response to Continental's motion to dismiss related only to a subset of his NJLAD claims and that the FTEPA does not bar his new theory that an airline can run afoul of state employment law in the way it determines who benefits from the FTEPA's new age limits.

Because Jones did not press this theory before the district court, we decline to reach its merits. Jones did not make clear in his complaint that he was suing Continental for its failure to demote him to a status that might help him take advantage of the new age limit in the FTEPA. His complaint never alleged that he requested a demotion, that he was qualified for such a position, or that such positions were available—all facts he would need to prove to make out a *prima facie* case of age discrimination for failure to demote under NJLAD. *See Andersen v. Exxon Co.*, 446 A.2d 486, 490-91 (N.J. 1982). Of course, "under the Federal Rules of Civil Procedure, a complaint need not pin [a] plaintiff's claim for relief to a precise legal theory," *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011), and an employment discrimination plaintiff is not required to plead every fact necessary to establish a *prima facie* case to survive a motion to dismiss, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). Regardless of whether the Federal Rules' liberal pleading standard would

have permitted Jones to assert his failure-to-demote theory without amending his complaint, *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), he failed to do so. As a result, neither the defendants nor the district court had notice of the type of NJLAD claim that Jones now asserts. Under these circumstances, we adhere to "the general rule . . . that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976).

Jones notes that his complaint alleged that Continental "fail[ed] to grant [his] requests to alter his status, or take other steps, so as to allow him to remain eligible to maintain his employment as a . . . commercial airline pilot once the Age 60 Rule was repealed." Am. Compl. 25. The complaint also alleged that Jones sent a letter to Continental requesting "furlough, medical leave, personal leave, etc." *Id.* at 24. Read in context, however, these statements relate only to Jones's constitutional arguments: he wanted to be temporarily grounded rather than dismissed when he turned 60 so that he could return to work after Congress passed the FTEPA, which he claimed was possible because the failure to apply the FTEPA retroactively was unconstitutional.

Without reason to suspect that Jones was asserting a theory that Continental's failure to demote him violated NJLAD, the defendants did not challenge this theory in their motions to dismiss. *See* ALPA Mot. to Dismiss 20-24; Continental Mot. to Dismiss 6-14. Then, rather than clarifying that his NJLAD claims should survive even if his constitutional theories failed, Jones confirmed in his response to Continental's motion to dismiss that his NJLAD claims depended on the success of his constitutional arguments. Even if Jones had pled the failure-to-demote theory, his subsequent filings in the district court abandoned it.

Finally, Jones urges us to construe his statement in his response to Continental's motion to dismiss as a concession on a question of law which cannot bind us. *See United States v. Ginyard*, 444 F.3d 648, 649 (D.C. Cir. 2006) ("[T]he court is not bound by [a] concession on a question of law."). But even if we were to set aside his concession, Jones would still be responsible for presenting his legal theories to the district court. As we have repeatedly emphasized, "legal theories not asserted in the district court ordinarily will not be heard on appeal." *Prime Time Int'l Co. v. Vilsack*, 599 F.3d 678, 686 (D.C. Cir. 2010) (internal quotation marks omitted); *see also Jones v. Horne*, 634 F.3d 588, 603 (D.C. Cir. 2011); *Hall v. Ford*, 856 F.2d 255, 267 (D.C. Cir. 1988). We see no reason to depart from that rule in this case.

## III

For the foregoing reasons, the district court's judgment is

*Affirmed.*